**Alvin Benson MACK, Petitioner–Appellant,**

**v.**

**Debra DEXTER, Respondent–Appellee.**

No. 07–56392.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2010.

Filed Feb. 16, 2010.

Vicki Marolt Buchanan, Esquire, Sonoma, CA, for Petitioner–Appellant.

Alvin Benson Mack, Blythe, CA, pro se.

Kevin Vienna, Supervising Deputy Attorney General, Pat Zaharopoulos, Esquire, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: THOMAS and SILVERMAN, Circuit Judges, and BEISTLINE,* Chief District Judge.

### MEMORANDUM **

Alvin Benson Mack appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition asserting that his California three strikes sentence of 27 years to life for violating Cal.Penal Code § 290 violates the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and reverse and remand with instructions to grant the petition.

We review the district court's denial of the habeas petition de novo. *Gonzalez v. Duncan,* 551 F.3d 875, 879 (9th Cir.2008). Since the state court denied Mack's claim without explanation, we independently review Mack's claim to determine if the California Supreme Court unreasonably applied clearly established law. *Davis v. Woodford,* 446 F.3d 957, 960 (9th Cir.2006).

The record in this case establishes that the jury could have found—and likely did find—Mack guilty of merely failing to update his registration on his birthday, which the California courts regard as a mere technical violation of § 290. *People v.*

*Carmony,* 127 Cal.App.4th 1066, 26 Cal. Rptr.3d 365 (2005); *People v. Cluff,* 87 Cal.App.4th 991, 105 Cal.Rptr.2d 80, 86–88 (2001). A sentence of 28 years to life for a technical violation of § 290 runs afoul of the Eighth Amendment. *See Gonzalez,* 551 F.3d at 877.

**REVERSED AND REMANDED.**

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.